UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 09-0598 PJH

    v.

**ORDER DENYING MOTION TO REDUCE SENTENCE**

IGNACIO GARCIA-OCHOA,

    Defendant.

_____/

    Before the court is defendant Ignacio Garcia-Ochoa's March 5, 2012 pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The government filed its opposition on March 23, 2012, and defendant failed to file a reply. Having considered the parties' arguments and the relevant legal authorities, the court DENIES the motion.

**BACKGROUND**

    On June 11, 2009, defendant was indicted on one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. On July 15, 2009, he pled guilty without a plea agreement, and on October 21, 2009, the court subsequently sentenced him to a below-guideline sentence of forty-eight months in prison.

In conjunction with sentencing, the parties agreed that defendant's adjusted offense level was 21, and that his criminal history category was IV. The offense level included a sixteen-level enhancement that was triggered by defendant's 2005 conviction for a crime of violence, assault with a deadline weapon, for which defendant received a two-year sentence in state prison. That conviction also counted in defendant's criminal history scoring. *See* United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(a); 4A1.2(e),(k).

As for defendant's criminal history category, a criminal history point tally of seven, eight, or nine results in a criminal history category of IV. *See* U.S.S.G. Sentencing Table. In its presentence investigation report, probation calculated defendant as having nine criminal history points, which included one "recency point" based on the now-eliminated U.S.S.G. § 4A1.1(e). By contrast, in its sentencing memorandum, the government did not include a recency point, and calculated eight criminal history points, which also put defendant in criminal history category IV. The court ultimately accepted the government's recommendation of eight criminal history points, and did not include a recency point in concluding that defendant had eight points, which qualified defendant for criminal history category IV.

The court agreed with the parties that the guideline sentencing range was 57 to 71 months. However, as noted, the court ultimately imposed a 48-month sentence, concluding that a slightly below guideline sentence was appropriate based on defendant's time spent in custody on a state parole violation for the same underlying conduct, and in view of his long work history, relatively short criminal history, and also to avoid unwarranted sentencing disparities with those defendants who have received fast track dispositions with similar backgrounds.

**DISCUSSION**

**A. Legal Standards**

The court may not modify a term of imprisonment that has already been imposed except

    in the case of a defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). If a court finds that a defendant has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission, the court then may exercise its discretion to reduce the term of defendant's imprisonment. *Townsend*, 98 F.3d at 512-13.

**B.     Defendant's Motion**

Defendant's motion to reduce his sentence is based on the Sentencing Commission's 2010 Amendment 742 eliminating the former U.S.S.G. § 4A1.1(e), which added criminal history points if a defendant committed a charged offense within two years after being released from prison, and its November 1, 2011 Amendment 754, which reduced the offense level enhancement for prior convictions for illegal reentry defendants if those convictions did not receive criminal history points.

There are two reasons that the motion must be denied. First, neither of the amendments relied on by defendant are retroactive. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Urena*, 659 F.3d 903, 909 (9th Cir. 2011) (noting that "[t]he change implemented by Amendment 742 is not designated as retroactive"); *see also United States v. Moran-Rosario*, 466 Fed.Appx. 257, 259 n. 1 (4th Cir. 2012) (noting that Amendment 754 is not retroactive).

Second, even if the amendments were retroactive, they would not entitle defendant to a sentencing reduction. As noted above, the court did not allocate any recency points to defendant under former U.S.S.G. § 4A1.1(e). However, even if it had, defendant would still have remained in criminal history category IV with nine points.

Additionally, Amendment 754 is inapplicable because it applies only to *non-scoring*

////

criminal history points. Here, defendant's prior conviction for assault with a deadly weapon resulted in *scoring* history points.

For the above reasons, defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 25, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge